NICHOLAS J. HUGHES, Plaintiff, *v.* JOHN MACKIN, as Surviving Executor, etc., of JAMES HUGHES, Deceased, and LETITIA HUGHES, Defendants.

*Will — creating a trust during the minority of the testator's children, and directing his executors to thereafter sell his real estate and divide the proceeds — effect of the children attaining their majority before the testator's death — power in trust — income of property pending the execution of the power — will construed to avoid intestacy.*

The will of a testator, made at a time when but one of his three children was of full age, after giving to his executors all of his estate in trust until his youngest child, Letitia, should attain the age of twenty-one years, provided that, upon the happening of that event, his executors, or the survivors of them, should sell his real estate and pay over the proceeds as follows : $1,000 to his son Nicholas (the adult child), and the balance to his two minor children, John and Letitia, share and share alike; and in the event of either of the two latter persons dying before the period before named, unmarried and without issue, that then the survivor should take the share of the one so dying.

All of the testator's children survived him, the minor two children, John and Letitia, attaining their majority before the testator's death, subsequent to which event John died, unmarried and without issue.

*Held*, that the trust estate was created as a mere incident to the testator's main scheme for the final distribution of his estate;

That, upon the testator's youngest child attaining her majority before the death of the testator, the provision for the trust became inoperative, and that the will must be read as though that provision had not been inserted;

That John and Letitia having been alive at the time fixed for the termination of the trust estate, the shares bequeathed to them, became, upon the death of the testator, vested absolutely in them, and that upon John's death his share went to his personal representatives as personalty;

That immediately upon the testator's death there was an equitable conversion of the real estate, the naked fee of which vested in the testator's heirs at law, subject to be defeated by the execution of the general power in trust given to the executors, to sell the real estate and to divide the proceeds thereof as required by the will;

That any income derived from the property pending the execution of the power became a part of the proceeds of the property.

Where it is apparent that a testator did not intend to die intestate under any circumstances, such a construction of his will as will avoid intestacy must be preferred to one from which it will follow.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*Andrew Wilson*, for the plaintiff.

*George W. McAdam*, for the defendants.

INGRAHAM, J.:

The question presented requires the construction of the will of James Hughes. The will was dated April 13, 1881, and the testator died in the city of New York on April 8, 1895, leaving real and personal property. When the will was made the testator had three children, Nicholas, the plaintiff, then aged twenty-two years; John, then aged eighteen years, and Letitia, then aged sixteen years. All of these children survived him, and at the time of his death the youngest, Letitia, was twenty-nine years of age. John died on May 10, 1895, after the death of the testator, unmarried, without issue and intestate, leaving his brother Nicholas, the plaintiff, and his sister Letitia, one of the defendants, his heirs at law and next of kin. No letters of administration of his estate have been issued. The will under consideration gives to the executors all of the property of the testator

in trust until the testator's youngest child attained the age of twenty-one years, and then disposes of the estate as follows: "When my youngest child attains the age of twenty-one years I hereby direct my said executors, or the survivor of them, to sell and dispose of all my real estate either at public or private sale, and at such price as to them or the survivor of them shall seem meet, and to deliver to purchasers or the purchaser thereof good and sufficient deeds therefor, and the proceeds thereof, after the payment of proper charges, I direct to be paid as follows: One thousand dollars thereof unto my son Nicholas, and the balance thereof in equal proportions unto my said two children, John and Letitia, share and share alike. In case of the death of either of my last named children, John or Letitia, before the period before named, unmarried and without issue, then, and in that case, the survivor to take the share of the one so dying." The will then appointed two executors, to whom letters testamentary were issued May 14, 1895. One of the executors died on July 17, 1896, and the surviving executor is a party to this proceeding.

The intention of the testator seems to have been plain. When he made the will he had three children, one of whom was of age, and two were infants. The intent seems to have been to keep the estate intact until his youngest child arrived at the age of twenty-one; and upon the happening of that event to have the whole estate converted into money and the proceeds distributed among his children in the proportions directed by the will. The trust estate created by the will was evidently a mere incident to this distribution of the estate, which, it is quite evident, was the main intention of the testator. Until his children were of age the division would be attended with difficulty and expense, as guardians would have to be appointed and the estate managed by them until the children became of age. And then the testator felt it to be his first duty to see that his infant children were maintained and educated until they arrived at an age when they could care for themselves. One had received such education and maintenance and had arrived at age. The others were still infants and until they arrived at age, all the income of the estate was to be applied in doing for them what had already been done for their brother. To accomplish this he provided that, in case of his death before his youngest child arrived at the age of twenty-one, a trust be created to continue dur-

ing the minority of his youngest child living at the time of his death. His youngest child, however, having arrived at the age of twenty-one before his death, this trust became inoperative, and the will must be read as though this provision for a trust had not been inserted. Striking out the provision for a trust, the intention of the testator is entirely clear. His executors are directed to sell all of his real estate and to turn his personal estate into money upon the happening of a contingency which had happened upon his death, and with the proceeds of both his real and personal estate, to pay $1,000 to his son Nicholas, the plaintiff, and to divide the balance in equal proportions between his two other children, John and Letitia. Both John and Letitia having lived after the period named in the will, viz., the time of the arrival of the youngest child at the age of twenty-one, the balance of the estate, after the payment of the $1,000 to his son Nicholas, vested absolutely in them, share and share alike; and upon the death of John, subsequent to that time, the balance of the estate as personalty was payable to his personal representatives. That the main intention of the testator was to divide this estate among his children in the proportion named, seems to be clear from the language of the will. It also seems clear that the trust estate granted was a mere incident to that division, and that it was intended to postpone that division until the time should arrive at which the estate could be advantageously divided; and if he had been asked at the time of his death what disposition of the property he then intended, it seems to me that the answer would have been that the condition of his children being then the same as it was to be at the time when the will directed the division, viz., all of full age, his executors should sell the real estate immediately upon his death, and divide the property among his children in the proportions directed in his will. If the testator had died the day after the youngest child had become twenty-one, could it have been said that this direction for the ultimate division of his estate failed because he had not died the day before that day? In that case I do not think there would have been any question. Can the time that the testator lived after the making of the will affect its construction where the provisions of the will violate no provision of law whether it took effect either at the time it was executed or at the time of the death

of the testator? I think not. Every word of this will shows that the testator intended to dispose of all his property, that he did not intend, under any circumstances, to die intestate, and under such circumstances it is a universal rule that we are to prefer a construction that will avoid intestacy rather than one from which it will follow. Applying this construction, there was an equitable conversion of the testator's real estate, taking effect immediately upon his death, and vesting in his executors a general power in trust under section 94 of the Statute of Powers (See 1 R. S. 734, § 96), by which a duty was imposed upon the grantee of the trust power, the performance of which may be compelled in equity for the benefit of the parties interested. The naked fee of the estate vested in the heirs at law, subject to be defeated by the execution of the power, and there being such an equitable conversion, any incidental income derived from the property pending the execution of the power became a part of the proceeds of the property and went to the persons entitled to such proceeds. The answer to the question submitted to us, therefore, must be, that under this will the naked fee of the real estate vested in the heirs at law upon the death of the testator; that the executors were the grantees of a power in trust to sell the real estate and to divide the proceeds thereof, with the personal property, among the children of the testator as follows: One thousand dollars to the plaintiff, and the balance to be equally divided between the testator's son John and his daughter Letitia; that the will directed an equitable conversion of the realty upon the death of the testator; that all of the proceeds of the property, including any income received by any of the parties to the action pending its conversion into personalty, became a part of the proceeds of the property and distributable under the will, and that the right of John to receive his share of the property having vested in him prior to his death, upon the sale of the property it is payable to his personal representatives.

Judgment is directed in accordance with the views herein expressed, without costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Judgment ordered as directed in opinion, without costs.